CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED
September 14, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| SAMUEL LEE BLANKENSHIP, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:26-cv-00289 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CODY ROWE, *et al.*, | ) | By: Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Samuel Lee Blankenship, a Virginia inmate proceeding *pro se*, filed this action under 42 U.S.C. § 1983 against Defendants Cody Rowe, "Tazewell County Sheriff Office," and "Commonwealth Attorney."[1] (*See* Compl. [ECF No. 1].) This matter is before the court for screening under 28 U.S.C. § 1915A. For the following reasons, Plaintiff's claims against the Tazewell County Sheriff's Office and the Commonwealth's Attorney for Tazewell County will be dismissed under § 1915A.

In his complaint, Plaintiff alleges as follows:

> Deputy Cody Rowe pulled me over. Upon stopping[,] I got out [with my] hands above my head [and I was] looking at him. He let his K-9 attack me without cause on Feb 13. It's on his dash cam & body cam. He gave no warning before letting his K-9 bite my right arm on Feb 13.

(Compl. at 2.)

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the

[1] In naming the latter two Defendants, the court understands Plaintiff to have sued the Tazewell County Sherriff's Office and the Commonwealth's Attorney for Tazewell County. The court will refer to these Defendants as such in this Memorandum Opinion and the accompanying Order.

complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). In assessing whether a prison complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Plaintiff's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Further, when a prisoner files his complaint *pro se*, the court construes the allegations in his favor liberally and should not dismiss his claim unless "it appears certain that [he] cannot prove any set of facts in support of his claim entitling him to relief." *Shaw v. Foreman*, 59 F.4th 121, 127 (4th Cir. 2023) (quoting *Martin v. Duffy*, 858 F.3d 239, 248 (4th Cir. 2017)). Similarly, when an action implicates civil-rights interests, the court "must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (cleaned up).

Plaintiff's claims arise, if at all, under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)

(quoting *West v. Atkins,* 487 U.S. 42, 48 (1988)). Importantly, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

As noted, Plaintiff has sued Defendants Cody Rowe, the Tazewell County Sheriff's Office, and the Commonwealth's Attorney for Tazewell County. (*See* Compl. at 1.) But his claims against the latter two Defendants must fail. The Sheriff's Office is not a "person" subject to suit under § 1983. *See Young v. Perry*, No. 4:16-cv-00060, 2017 WL 836036, at *3 (W.D. Va. Mar. 2, 2017) ("Because the Henry County Sheriff's Office is not a 'person,' it cannot be sued under § 1983"); *see also Thompson v. City of Danville*, Va., No. 4:10-cv-00012, 2011 WL 2174536, at *4 (W.D. Va. June 3, 2011) ("Local police and sheriff's departments in Virginia are 'non suis juris,' meaning they simply do not have the capacity to be sued"). And aside from listing the Commonwealth's Attorney as a Defendant on his form complaint, Plaintiff fails to mention this Defendant in his pleading. To state a claim under § 1983, a plaintiff must plead that "each Governmental-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). But Plaintiff has failed to do so regarding the Commonwealth's Attorney. For these reasons, Plaintiff's claims against the Tazewell County Sherriff's Office and the Commonwealth's Attorney for Tazewell County will be dismissed. Only Plaintiff's claim against Cody Rowe will proceed.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff.

**ENTERED** this 14th day of September, 2026.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE